# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JESSE MUNOZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOGGARD, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00935-JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 10)**<br><br>**21-DAY DEADLINE** |

## INTRODUCTION

Plaintiff brings this action alleging that his transfer to Pleasant Valley State Prison violated his rights under the Eighth Amendment since he subsequently contracted Valley Fever. As discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted. Since he was previously provided the applicable standards and leave to amend his pleading, the First Amended Complaint is **DISMISSED** and Plaintiff is given opportunity to cure the deficiencies in his pleading.

### A.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d

2

962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013). If he chooses to file a second amended complaint, Plaintiff should make it as concise as possible and simply state which of his constitutional rights he believes were violated by each Defendant and the factual basis. Plaintiff need not and should not cite legal authority for his claims as his factual allegations are accepted as true.

**2.     Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012)

(citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to link Chief Sup Executive T. Clarke to any of his factual allegations. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

### A.  Plaintiff's Allegations[1]

Plaintiff is currently in custody at the Santa Rita Jail, in Dublin, California, but his allegations are based on circumstances that allegedly occurred when he was transferred and housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names RN Hoggard, PA Ogbuchi, Chief Sup. Executive T. Clarke, and Chief Executive Officer Donald B. McElroy as the defendants in this action and seeks monetary damages.

Plaintiff alleges that when he was housed at PVSP, he contracted Valley Fever. Plaintiff alleges RN Hoggard was improperly trained, "failed to meet the deliberate indifference standard," and "failed to take reasonable steps" which caused Plaintiff "life long injury." (Doc. 10, p. 2.) Plaintiff alleges that PA Ogbuchi "failed to meet the deliberate indifference standard," "had a inmate serious medical needs rushed through recklessly placed Plaintiff at ongoing risk," had poor training which caused serious medical to a prisoner need for life long medical attention for

---

[1] The quotes from Plaintiff's allegations throughout this order are repeated verbatim, including grammatical errors, without correction.

4

ongoing suffering," and "delayed/denied Plaintiff serious medical care when prescribing Diflucan, Plaintiff described all symptoms, Valley Fever. Has been in Pleasant valley for 20 years this was acting recklessly." (*Id.*, p. 3.) Plaintiff alleges that PVSP CEO McElroy "failed to oversee . . . staff performance due to this decision Plaintiff has lifelong damage;" "neglected to fully screen incoming inmates or to detect medical problems implicates Eighth Amendment;" "lack of follow up system for treating chronic disease cite as part of Eighth Amendment;" "medical psychiatric chrono shall be used to document the agreement between the 'sending and receiving' physicians . . . approval had a job to do and did not do it . . . had knowledge of this ongoing problem;" and "failed to provide serious medical needs to Plaintiff." (*Id.*, p. 4.) In summary, Plaintiff alleges that he should not have been allowed to be transferred to PVSP, nor should his serious medical needs have been neglected. (*Id.*, p. 5.) Plaintiff states that he is Puerto Rican of African American bloodline and "is more likely to be exposed to (cocci)." (*Id.*) Plaintiff alleges that his condition will continue to worsen and he will live in pain and suffering, "it will take the life out of him," and he "will never be able to live a regular life." (*Id.*)

As discussed in detail below, Plaintiff fails to state any cognizable claims. However, he is provided the applicable legal standards and opportunity to file an amended complaint.

**B.     Legal Standards**

**1.     Eighth Amendment**

**a.     Conditions of Confinement**

Plaintiff's allegations are premised on his placement at PVSP. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d

1175, 1187 (9th Cir. 2002).

In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which Plaintiff was exposed is serious, the Court considers whether the "risk the prisoner complains of [is] so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complaints is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

The subjective element of an Eighth Amendment Violation asks whether the prison official acted with "deliberate indifference" in denying medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the *official*" must be considered when determining whether conduct is wanton. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A depravation of a treatment or the exposure to a hazard may be wanton only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of acting sadistically and maliciously for the purpose of causing harm." *Id.*, quoting *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

As to the objective component, Plaintiff alleges no facts to indicate that the risk of exposure to Coccidioidies immitis spores (which can develop into Valley Fever) at PVSP is any higher than in the surrounding community. It is worth noting that the attention of courts and official policy-makers regarding the risk of Valley Fever have focused on PVSP and Avenal State Prison. These facilities have drawn particular state and district court attention because, although eight California correctional facilities are located in the endemic area, these two facilities account for 85% of the occurrence of reported cases of Valley Fever in California. *See Plata v. Brown*, 2013 WL 3200587 (N.D. Cal. 2013) at *2. However, an individual who lives out of custody anywhere in the Southern San Joaquin Valley, also runs a relatively high risk of exposure to Coccidioides immitis spores. Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the

6

surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eight Amendment.

Further, Plaintiff fails to state allegations to meet the subjective component of an Eighth Amendment claim. Plaintiff has not shown that any state actor acted *wantonly* in formulating the policies and procedures which resulted in Plaintiff's placement at PVSP. As noted above, eight of the State of California's correctional facilities -- and therefore a substantial proportion of its inmate capacity -- are located in the Southern San Joaquin Valley. If Plaintiff's allegations (that he was transferred to PVSP where Valley Fever is known to be endemic and contracted Valley Fever, with nothing more) were cognizable, the State of California would not be able to house any inmates at PVSP or Avenal State Prison, and might not be able to house any inmates in any of the eight facilities located in the endemic area.

In addition, Plaintiff has failed to allege any facts from which to infer that any state actor was deliberately indifference to Plaintiff's risk of exposure to the spores that cause Valley Fever. Not only has Plaintiff not alleged any facts from which a finding of deliberate indifference could be inferred, the factual background presented in *Plata* and other cases since 2005, following placement of the CDCR's medical care facilities in receivership, demonstrate that California policy makers have been struggling for years to accommodate constitutional requirements within State means. Thus, Plaintiff fails to state a cognizable claim based on the policies and/or procedures that led to his housing at PVSP.

### b. Serious Medical Needs

Plaintiff's allegations against RN Hoggard, PA Ogbuchi, and CMO McElroy are based solely on the failure to properly diagnosis and treat him for Valley Fever. Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other

7

grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's Valley Fever is accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person

8

'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations that Dr. Ola initially misdiagnosed Plaintiff's Valley Fever as a cold and that Dr. Ola and other medical staff subsequently misinterpreted the test results and wrongly diagnosed Plaintiff with bronchitis, are not cognizable. At most, such allegations may equate to negligence or medical malpractice. However, to be actionable under the Eighth Amendment, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).

Plaintiff's allegations against RN Hoggard and PA Ogbuchi are largely conclusory statements which do not suffice to state a cognizable claim. *Iqbal*, 556 U.S. at 678. Plaintiff fails to state a cognizable claim against RN Hoggard or PA Ogbuchi as he fails to state any factual allegations to show that they knowingly disregarded a substantial risk of serious harm to Plaintiff's health. Ineptitude, no matter how devastating its affect, is not deliberate indifference.

### 2. CMEO McElroy

Plaintiff alleges that PVSP CMEO McElroy "failed to oversee . . . staff performance;" "neglected to fully screen incoming inmates or to detect medical problems implicates Eighth Amendment;" "lack of follow up system for treating chronic disease cite as part of Eighth Amendment;" "medical psychiatric chrono shall be used to document the agreement between the 'sending and receiving' physicians . . . approval had a job to do and did not do it . . . had knowledge of this ongoing problem;" and "failed to provide serious medical needs to Plaintiff." (Doc. 10, p. 4.)

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their

9

servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. To this end, the Ninth Circuit has held that, where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant had knowledge of such conduct. As discussed above, Plaintiff does not state a cognizable claim against RN Hoggard or PA Ogbuchi for CMEO McElroy to be liable based on knowledge and acquiescence; nor does Plaintiff state sufficient factual allegations against CMEO

McElroy to show that the CMEO personally acted, or failed to act, or implemented a policy that amounted to a violation of Plaintiff's rights.

**ORDER**

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed with leave to file a second amended complaint within **21 days**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion requesting it no later than **21 days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **21 days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a cognizable claim**.

IT IS SO ORDERED.

Dated: **November 3, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE