# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JESSE MUNOZ, | Case No. 1:17-cv-00935-JLT (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND TO PROSECUTE THIS ACTION** |
| v. | |
| HOGGARD, et al., | |
| Defendants. | **(Docs. 17, 20, 21, 23)** |
| | **21-DAY DEADLINE** |

The Court screened Plaintiff's First Amended Complaint and granted him leave to file a second amended complaint curing identified deficiencies or to file a notice of voluntary dismissal. (Doc. 17.) Plaintiff requested an extension of time to respond to the screening order and the Court granted him additional time. (Docs. 19, 20.) Nearly three months have passed since the deadline expired and Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order.

Thus, the Court ordered Plaintiff to show cause why the action should not be dismissed for his failure to comply with the Court's order and prosecute this action. (Doc. 21.) Plaintiff filed a response to the OSC indicating that he prepared a second amended complaint and gave it to prison personnel for mailing to the Court on Friday, June 1, 2018. (Doc. 22.) It is unknown why this did not reach the Court, but Plaintiff requests time to either ascertain what happened to his second amended complaint, or to regenerate it. The Court found good cause to discharge the

1

OSC and to grant an extension time for Plaintiff to file a second amended complaint. (Doc. 23.) The Court granted Plaintiff 21 days to file a second amended complaint and warned him that his failure to comply would result in dismissal for failure to obey a court order. (*Id.*) More than 21 days has passed and Plaintiff has not filed a second amended complaint, or otherwise responded to the Court's Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why this action should not be dismissed for his failure to comply with the Court's order and to prosecute this action. Alternatively, within that same time, Plaintiff may file a second amended complaint or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a cognizable claim.**

IT IS SO ORDERED.

   Dated: __**October 29, 2018**__        _____/s/ Jennifer L. Thurston_____
                                                                            UNITED STATES MAGISTRATE JUDGE