# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JESSE MUNOZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOGGARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00935-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS**<br><br>**(Doc. 25)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

**I.　Findings**

Plaintiff alleges he contracted Valley Fever while housed at Pleasant Valley State Prison. In light of *Hines v. Youseff*, 914 F.3d 1218, 1232 (9th Cir. 2019), Defendants are entitled to qualified immunity on Plaintiff's claims. Also, Plaintiff fails to state factual allegations to support his claim against the medical providers based on the care and treatment he received after he contracted Valley Fever. This action should be dismissed with prejudice; further amendment would be futile and is not recommended.

**A.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Section 1915 requires a court to dismiss an action "at any time" if the defendant is entitled to immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016), as amended on reh'g (Apr. 15, 2016). "Once a court has sufficient information to make a determination on immunity, the statute mandates dismissal -- even if dismissal comes before the defendants are served." *Id.* at 1167. Congress intended § 1915(e) to apply to both absolute and qualified immunity. *Id.* at 1168.

**B.    Summary of Plaintiff's Complaint**

Plaintiff names "Chief Sup. Executive T. Clark," CMEO/CEO Donald B. McElroy, RN Ryan Hoggard, and PA Ogbuchi as Defendants and seeks monetary damages. Plaintiff alleges that his transfer in 2014 and subsequent housing in PVSP violated his rights under the Eighth Amendment. For the reasons discussed in detail below, Defendants are entitled to qualified immunity on Plaintiff's claims based on his transfer to and housing at PVSP and his claims based on medical care for Valley Fever, once contracted, are not cognizable. Leave to amend need not be granted since futile.

**C.    Pleading Requirements**

**1.    Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

Though "plaintiffs [now] face a higher burden of pleadings facts . . ." *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

    **2.**    **Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal

connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### 3. Federal Receiver J. Clark Kelso

It appears that Plaintiff desires to name the Federal Receiver, J. Clark Kelso, as a Defendant. Kelso is the Receiver for CDCR's health care system. *See Plata v. Schwarzenegger*, et al., C01-1351-TEH (N.D.Cal. Jan. 23, 2008). Upon his appointment in 2008, "[t]he Receiver and his staff [were granted] the status of officers and agents of [the *Plata* Court], and as such [were] vested with the same immunities as vest with [the *Plata*] Court." *Id*. Those judicial immunities extend to immunity from suit. *See Pierson v. Ray*, 286 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ...."). *See also Coleman v. Schwarzenegger*, 2007 WL 4276554 (E.D.Cal. Nov.29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" and who "acts as a 'surrogate' of the court" had quasi-judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." *See id*. at 11-12.

Plaintiff does not state any factual allegations against Kelso. Seemingly, Plaintiff claims that Kelso has acted in some undescribed manner which denied him proper medical attention for his Valley Fever or caused Plaintiff to be exposed Valley Fever. Thus, he asserts that Kelso failed to act properly in his role as Receiver. There is no allegation that Kelso acted "in the complete absence of all jurisdiction." Based thereon, the Court finds that Kelso is entitled to

quasi-judicial immunity and suit may not be maintained against him.[1]

      **D.**      **Claims for Relief**

           **1.**      **Eighth Amendment -- Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

This standard contains both an objective and subjective element. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993) (discussing objective and subjective elements of Eighth Amendment Claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which Plaintiff is exposed is serious, the "courts must 'assess whether the risk the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk,' meaning that the risk 'is not one that today's society chooses to tolerate.'" *Hines v. Youseff*, 914 F.3d 1218, 1232 (9th Cir. 2019) (quoting *Helling*, 509 U.S. at 36 (italics in *Helling*)).

The subjective element of an Eighth Amendment violation asks whether the prison official acted with deliberate indifference in denying medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the official" must be considered when determining whether conduct is wanton. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A deprivation of a treatment or the exposure to a hazard may be found to be wanton

---

[1] To the extent Plaintiff attempts to amend his complaint to allege that Kelso was aware of Plaintiff's medical needs and failed to act upon that knowledge, the Court finds that those allegations would similarly entitle Kelso to absolute quasi-judicial immunity because Plaintiff would again be alleging that Kelso failed to act within his capacity as the Receiver of CDCR's health care system.

only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm.'" *Id*., quoting *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986).

The Ninth Circuit held recently that prison officials are entitled to qualified immunity on claims under the Eighth Amendment based on inmates' contracting Valley Fever after placement in prisons in the Central San Joaquin Valley. *Hines*, at *25. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Escondido v. Emmons*, 586 U.S. ___, *4 (Jan. 7, 2019) (quoting *Kisela* v. *Hughes*, 584 U. S. ___, ___ (2018) (*per curiam*) (slip op., at 4) (internal quotation marks omitted); see *District of Columbia* v. *Wesby*, 583 U. S. ___, ___–___ (2018); *White* v. *Pauly*, 580 U. S. ___, ___–___ (2017) (*per curiam*); *Mullenix* v. *Luna*, 577 U. S. ___, ___–___ (2015) (*per curiam*). Qualified immunity analysis requires two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) quoting *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009); *see also Pauluk v. Savage*, 836 F.3d. 1117 (9th Cir. 2016).

In *Hines,* the Ninth Circuit found that the right to be free from heightened exposure to Valley Fever spores has not been clearly established. Two elements were pivotal to this holding. First, prison officials are to follow binding orders from the federal Receiver, who was "appointed by the federal court to assure Eighth Amendment compliance actively managed the state prison system's response to Valley Fever." *Hines*, at 1231. Second, millions of people in the Central Valley and Arizona are exposed to the risk of Valley Fever and yet no societal consensus has emerged that the risk is intolerably grave. *Id.*, at 1231-32. Thus, a reasonable official can infer that the risk of contracting Valley Fever "is one society is prepared to tolerate, like the risk of being injured or killed in a traffic accident." *Id.* "Because so many people freely choose to live in the Central Valley despite the Valley Fever risk, and there is no evidence . . . that 'society's attitude had evolved to the point that involuntary exposure' to either the heightened risk inside

prison or the lower risk outside prison 'violated current standards of decency,' it would not have been 'clear' to every reasonable officer that the inmates had a valid claim under *Helling*." *Hines*, at 1232. Thus, Defendants are entitled to qualified immunity on Plaintiff's claims under the Eighth Amendment based on his transfer to and placement at PVSP where he contracted Valley Fever.

Further, despite receiving the applicable standards in the prior screening order, Plaintiff's claims against RN Hoggard and PA Ogbuchi are not cognizable. Plaintiff merely alleges that these two Defendants were deliberately indifferent because they deprived Plaintiff "of swift treatment and care because it was within their ability at the time to avoid risk of serious injury by taking the proper steps to diagnose and recognize the symptoms of Valley Fever and start immediate treatment before decimating (sic) throughout the body creating a more sever worse affliction." (Doc. 25, pp. 5-6.) These allegations are not specific enough to state a cognizable claim. Rather, they are general conclusion that are "'merely consistent with' a defendant's liability" which fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678. Since Plaintiff was previously given the legal standards and specificity requirements for cognizability, it appears that he is unable to state a cognizable claim against either RN Hoggard or PA Ogbuchi such that leave to amend need not be granted again.

## II. CONCLUSION

For the reasons discussed above, Plaintiff may not pursue claims based on being housed in a facility where he contracted Valley Fever. Per *Hines*, Defendants are entitled to qualified immunity on all such claims and leave to amend need not be granted since futile. Likewise, Plaintiff fails to state any specific factual allegations against the medical providers RN Hoggard and PA Ogbuchi and thus appears unable to state a cognizable claim against either.

Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a District Judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 2, 2019**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE